THE PEOPLE ex rel. WILLIAM D. MOTT, Appellant,
v. THE BOARD OF SUPERVISORS OF THE COUNTY
OF GREENE, Respondent.

*Chapter 215 of 1869 — rejection of claims under, by supervisors — not conclusive on
subsequent board.*

Appeal from an order denying a motion for a peremptory mandamus.

This was an application for a mandamus, to compel the respondent to pay the interest due on certain bonds issued by it, and subsequently purchased by the relator. The relator claimed that certain banks in Greene county had been illegally taxed upon capital invested in United States stocks exempt from taxation, and that in pursuance of chapter 215 of 1869 the defendant adjusted and allowed the amount of such illegal taxes, and issued to said banks the bonds of Greene county in repayment for the taxes illegally levied and collected. The application was resisted on the ground that the bonds were illegally issued. The respondent insisted that the claims of the banks had, at one time, prior to their final passage and allowance, been rejected by the board of supervisors, and that such rejection was conclusive upon the banks and the county. The General Term *held*, however, that, if the banks had been illegally assessed, and paid an undue proportion of the taxes, the county was under a moral obligation to correct the wrong, and repay the moneys illegally assessed. That even, conceding that the action of the respondent under chapter 215 of 1869 was discretionary, yet a refusal to recognize and allow the claims at one time, would not preclude it from a subsequent allowance and payment. That such subsequent action having been so taken, and the claim being thus settled, adjusted and paid, no future board of supervisors could annul or revoke such former action by resolution. (*People ex rel.* v. *Supervisors of Herkimer*, 56 Barb., 452; *People ex rel.* v. *Supervisors of Otsego*, 53 id., 564; affirmed, 51 N. Y., 401; *Town of Guilford* v. *Supervisors of Chenango*, 13 id., 143;

*Supervisors* v. *U. S.*, 4 Wall., 435 ; *City of Galena* v. *Amy*, 5 id., 705.)

*Jacob I. Werner*, for appellant. *Amasa J. Parker*, for respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Order reversed with ten dollars costs and printing disbursements, and peremptory mandamus granted, with costs.

GEORGE DAVIS, RESPONDENT, *v.* PETER REYNOLDS, APPELLANT.

*Party entitled to sue — Principal and agent.*

APPEAL from a judgment of the Chenango County Court, reversing a judgment of nonsuit in the Justice's Court.

The action was brought to recover the price of a mowing machine sold by plaintiff to the defendant.

The plaintiff testified, among other things, as follows :

I am the plaintiff in this action. I know the defendant, Mr. Reynolds. I sold a mowing machine the forepart of July — a Wood mowing machine, manufactured at Ilion ; I sold in my own name ; he promised to pay me ; the price was agreed upon ; it was· sixty dollars ; he agreed to pay me that for the machine ; he said, when I was there and started it, he would pay me in three or four weeks ; has not paid me any thing on it.

Cross-examined : I was at the storehouse in Sherburne village ; it was Lobdell & Co.'s storehouse ; was agent for that machine ; I was in the employ of the Remington Agricultural Company ; I swapped one of their new machines for this ; I swapped with Mr. Hubby, in Columbus. I have paid the company for the machine I sold Reynolds ; I have not accounted to the company for the sixty dollars I was to have from Reynolds ; I have not written to the company about this machine ; I have seen the agents, but did not tell them I would assume the payment ; I do not keep books of account between